```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                   )
BLESSING N. ODIMEGWU,              )
          Plaintiff,               )
                                   )       CIVIL ACTION
          v.                       )       NO. 19-12308-WGY
                                   )
WARREN P. MCMASTER, et al.,        )
          Defendants.              )
                                   )
_____
```

YOUNG, D.J.                                          April 16, 2020

**ORDER**

Blessing N. Odimegwu initiated this action by filing a pro se complaint naming as defendants Warren McMaster, the operator of street sweeper equipment, and American Sweeping Company, McMaster's employer. See Docket No. 1. The complaint describes a 2016 incident in which McMaster is alleged to have assaulted Odimegwu while she was insider her parked taxicab. Id. Odimegwu alleges that McMaster was ordered by a state court to compensate Odimegwu for her damaged property. Id.

By Memorandum and Order dated December 11, 2019, Odimegwu was granted leave to proceed in forma pauperis and was advised that her complaint failed to state a claim under 18 U.S.C. § 351(e), 28 U.S.C. § 1254(1), and 42 U.S.C. § 1981. See Docket No. 4. Odimegwu was granted an opportunity to amend the complaint. Id.

On December 20, 2019, Odimegwu filed an amended complaint. See Docket No. 5. Odimegwu addresses the issue of jurisdiction and states that the court should "enforce the State's law just like the State will enforce the Federal's law/s (sic) too." Id. at p. 1. The amended

complaint is brought pursuant to "Article III, Sec. 2; First Amendment; Fifth Amendment; Eight (sic) Amendment; 28 U.S.C. Secs. 1331, 1343, 1367, 1621, 1652 and 2505; 42 U.S.C. Sec. 1985(3); FRCP 4(h)(C)(2)(3)(k)(1)."  Id.  The amended complaint lists twelve bases for this action including civil rights violations under state and federal law.  Id. pages 1-2.

Odimegwu's amended complaint suffers from the same pleading deficiencies as the original complaint and fails to state a claim upon which relief may be granted.  To the extent Odimegwu seeks to collect on her alleged state court judgment, such a post-judgment collection action cannot be pursued in this federal court.

Moreover, most of the statutory references in the amended complaint fail to provide a substantive cause of action.  For example, 28 U.S.C. § 1652 simply provides that state laws, which do not conflict with federal law, will be applicable in civil actions in federal court.  Section 1652 does not provide Odimegwu with a cause of action.

To the extent Odimegwu attempts to bring suit on the theory that the defendants have violated her constitutional rights, under 42 U.S.C. § 1983, a plaintiff must show not only that "some person deprived him of a federal right," but also that "such person 'acted under color of state or territorial law.'" Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)).  Here, the defendant McMaster is not alleged to be a state actor.

[2]

To the extent Odimegwu alleges a conspiracy to violate her rights under 42 U.S.C. § 1985(3), a conspiracy or conspiratorial purpose is not alleged. "Section 1985(3) prohibits two or more persons in any State or Territory from conspiring to deprive any person or class of persons of the equal protection of the laws." Perez-Sanchez v. Public Building Auth., 531 F.3d 104, 107 (1st Cir. 2008) (internal punctuation, quotation marks, and citation omitted).  A claim under § 1985(3) has four elements: "First, the plaintiff must allege a conspiracy; second, he must allege a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws; third, he must identify an overt act in furtherance of the conspiracy; and finally, he must show either injury to person or property, or a deprivation of a constitutionally protected right."  Id.  Additionally, plaintiff must allege that the defendants have acted and conspired with "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993).  This she has not done.

Based on the foregoing, and in accordance with the Memorandum and Order dated December 11, 2019, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE